# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DION DARREN HALL,

          Plaintiff,

    v.                                                     Case No. 14-CV-1542

MILWAUKEE COUNTY JAIL
FACILITY,

          Defendant.

## ORDER

Plaintiff Dion Darren Hall, currently held at the Dodge County Detention Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the Milwaukee County Jail denied him physical access to the law library. The matter comes before the court on Hall's motion for leave to proceed *in forma pauperis*, Hall's motions for release of his Prisoner Trust Account Statement, and for screening of Hall's complaint.

Hall has been assessed and paid an initial partial filing fee of $6.01. The court will grant Hall's motion for leave to proceed *in forma pauperis*.

The court will deny Hall's motions regarding the release of his Prisoner Trust Account Statement. (ECF Nos. 6,9.) Hall's account statement was provided to the court on January 13, 2015 (ECF No. 7), rendering his motions moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

## Complaint's Allegations

Hall is currently being held at the Dodge County Detention Facility; however, his complaint focuses on his lack of access to a legal library while at Milwaukee County Jail. Hall is suing Milwaukee County Jail.

Hall alleges that he did not have physical access to a legal library, but instead, was required to submit requests to a librarian, who printed requested materials and returned them to Hall. Hall is frustrated by the delay of this process, alleging that, "[I]t could take almost two weeks to receive what I can look up in a minute with physical access to the law library." (Compl. at 5, ECF No. 1.) Hall claims he needed access in order to challenge his "confinement by Immigration via *habeas corpus* writ [and] fight[] a criminal felony charge." (Compl. at 3, ECF No. 1.)

For relief, Hall seeks injunctive relief "mak[ing] physical access to Law Library mandatory" and damages in the amount of $250,000.

## Discussion

Hall's complaint suffers from multiple deficiencies that necessitate dismissal. As an initial matter, he fails to identify a proper defendant. Hall has sued the Milwaukee County Jail Facility; however, the Milwaukee County Jail is not a suable entity under § 1983. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F.Supp.2d 675, 678 (E.D. Wis. 1999) (citing cases). Given

that Hall has named only the Milwaukee County Jail as a defendant, his complaint must be dismissed.

In addition, Hall's request for injunctive relief "to make physical access to Law Library mandatory for [Milwaukee County Jail]" (Compl. at 6, ECF No. 1) is moot because he has been transferred to the Dodge County Detention Facility and has not plead any likelihood of his being transferred back to the Milwaukee County Jail. *See Maddox v. Love*, 655F.3d 709, 716 (7th Cir. 2011) (holding plaintiff's prayers for injunctive relief were moot because plaintiff was transferred to another facility). Accordingly, Hall may not pursue such relief.

Moreover, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the presentation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Seventh Circuit Court of Appeals has clarified this right, stating, "the mere denial of access to a prison library or other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996)). Thus, to state a viable claim upon which relief may

be granted, a prisoner's complaint must spell out "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (quoting *Marshall*, 445 F.3d at 968). Simply alleging that there was insufficient access to legal materials is not enough; to survive a motion to dismiss, a complaint has to "go on and allege that as a result of the [defendant's] action the plaintiff had lost a case or suffered some other legal setback." *Pratt*, 464 F.3d at 732.

Hall alleges that the nearly two-week delay he experienced in obtaining legal materials hindered his ability to challenge his confinement via *habeas corpus* and to fight a criminal felony charge. However, that claim is contradicted by the fact that, currently pending before this court, is a detailed petition for writ of *habeas corpus*, filed by Hall on December 10, 2014. (Case No. 14-cv-1538, ECF No. 1.) Hall's petition is thorough, citing to several cases in support of his legal theories. Hall's lack of physical access to a law library, while perhaps frustrating, did not interfere with his ability to challenge his confinement. Because Hall has suffered no harm as a result of his alleged inability to physically access the law library, he does not state a claim on this basis.

In addition, Hall's allegation that he is unable to defend against a criminal felony charge is belied by Hall's own statements in a letter to this court, in which he explains that he has been appointed a public defender to assist him with his criminal case. (March 23, 2015 Letter at 4, ECF No. 13.) The rights described by the Supreme Court in

*Bounds* give "the government the choice to provide either access to a law library *or* access to counsel or other appropriate legal assistance." *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (emphasis added). The fact that Hall was appointed counsel in his criminal case is fatal to his access-to-the-courts claim. Hall is guaranteed access to one or the other, but not both. *See U.S. ex rel. George v. Lane*, 718 F.2d 226, 231 (7th Cir. 1983) (holding that "the offer of court-appointed counsel to represent a defendant satisfies the constitutional obligation of a state to provide a defendant with legal assistance.").

For these reasons, the court will dismiss Hall's complaint with prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **granted**.

**IT IS ALSO ORDERED** that the plaintiff's motions for the court to order Milwaukee County Jail Facility to release certified copies of his Prisoner Trust Account Statement (ECF Nos. 6, 9) are **denied**.

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Dodge County Sheriff shall collect from the plaintiff's prison trust account the $343.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Dodge County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 8th day of May, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge